UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                   Criminal Case No. 09-20414

v.                                            Hon. John Corbett O'Meara

JAMES WIESE, *et al.*,

       Defendants.

_____/

IN THE MATTER OF THE SEIZURE OF:

                                       Civil Case No. 10-51297

ALL FUNDS ON DEPOSIT IN
MERRILL LYNCH ACCOUNT NUMBERS     Hon. John Corbett O'Meara
649-72x30, 649-45664, 649-45648 AND 649-15666

_____/

**OPINION AND ORDER DENYING CLAIMANT'S**
**MOTION FOR RETURN OF SEIZED ASSETS AND CURRENCY**

      Before the court is Claimant James Wiese's motion for the return of seized assets and

currency, filed in the above-captioned civil forfeiture matter.  The court heard oral argument on

December 15, 2011, and took the matter under advisement.  For the reasons stated below,

Claimant's motion is denied.

**BACKGROUND FACTS**

      The United States seized money from four Merrill Lynch bank accounts in the name of

James A. Wiese and/or Great Lakes Roofing, Inc., pursuant to seizure warrants authorized by

Magistrate Judge Whalen on November 23, 2010.  In the applications for the seizure warrants,

the United States averred that the accounts "constitute property or proceeds that are traceable to

proceeds of illegal activity, namely . . .[wire fraud, mortgage fraud, bank fraud and/or money laundering] and are, therefore, forfeitable civilly to the United States Government under 18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C) and (a)(1)(D)(vi), and forfeitable criminally under 18 U.S.C. §§ 982(a)(1) and (a)(2), as well as 28 U.S.C. § 2461 in conjunction with 18 U.S.C. 981(a)(1)(C)." Wiese seeks the return of the seized assets. The civil forfeiture matter is related to an ongoing criminal prosecution of Wiese and other defendants for bank fraud, wire fraud, and money laundering. See Case No. 09-20414, United States v. Wiese, *et al.*

## LAW AND ANALYSIS

Wiese brings his motion pursuant to Fed. R. Crim. P. 41(g), which provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction. Jurisdiction under Rule 41 'is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials.'" De Almeida v. United States, 459 F.3d 377, 382 (2d Cir. 2006) (citations omitted).

The government contends that Wiese does have an adequate remedy at law here: he can contest the forfeiture in the criminal proceeding. See Chaim v. United States, 692 F. Supp.2d 461, 471 (D. N.J. 2010). "If the party that has filed the Rule 41(g) motion is [himself] indicted, it is clear that any attempts to recover property must then occur in that criminal proceeding." Id. The court agrees that relief under Rule 41(g) is not available here and that Wiese must contest the forfeiture in the criminal proceeding. To the extent Wiese seeks to raise his remaining arguments in the criminal proceeding, which is also before this court, the court will address them

-2-

below.

Wiese complains that the government proceeded under both the civil and criminal forfeiture statutes (18 U.S.C. §§ 981, 982) and has complied with neither.[1]  Despite the fact that the government initially proceeded under both statutes, it has chosen not to file a civil complaint against the property and thus is proceeding under the criminal forfeiture statute at this time.  See generally United States v. Dupree, 781 F. Supp.2d 115, 128-31 (E.D. N.Y. 2011) (discussing statutory authority to seize property under §§ 981 and 982).  Therefore, the court will not consider Wiese's arguments related to civil forfeiture.[2]

Wiese argues that the government has not complied with the criminal forfeiture statute:

> If the court determines that there is probable cause to believe the property seized would, in the event of a conviction, be subject to forfeiture *and the order under sub-section (e) of this section, may not be sufficient to assure the availability of property for forfeiture*, the court shall issue a warrant authorizing the seizure of such property.

21 U.S.C. § 853(f) (emphasis added).[3]  Section 853(e) provides that the court may enter a restraining order to preserve property that may be subject to forfeiture.  Wiese argues that the

---

[1] Despite Wiese's suggestion that the government's simultaneous pursuit of both civil and criminal forfeiture against the same property is "novel," it is apparently commonplace.  See Catherine E. McCaw, Asset Forfeiture as a Form of Punishment: A Case for Integrating Asset Forfeiture into Criminal Sentencing, 38 Am. J. Crim. J. 181, 191 (2011).

[2] For example, Wiese argues that the government violated the one-year statute of limitations contained in 18 U.S.C. §984(b) and that he can make a showing of hardship pursuant to 18 U.S.C. § 983(f).  Both of these statutes apply to civil forfeiture, not criminal forfeiture.

[3] The criminal forfeiture statute, 18 U.S.C. § 982(b)(1), incorporates 21 U.S.C. § 853: "The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853)."

government made no showing that such a restraining order would be insufficient to assure the availability of the property in the Merrill Lynch accounts for forfeiture.

Because Wiese made this argument in his reply brief, the government has not had an opportunity to respond, and the court may not consider it. Lexicon, Inc. v. Safeco Ins. Co. of America, Inc., 436 F.3d 662, 676 (6th Cir.2006) (a district court properly declines to consider an issue raised for the first time in a reply brief); Sundberg v. Keller Ladder, 189 F. Supp.2d 671, 682–83 (E.D. Mich.2002) (noting that "it is not the office of a reply brief to raise issues for the first time").

Further, since the government initially proceeded under both civil and criminal forfeiture statutes, the court may presume that, in issuing the seizure orders, the magistrate judge implicitly determined that a restraining order under Section 853(e) would be insufficient to assure the availability of the funds, particularly since property of that nature could easily be transferred out of those accounts. See Dupree, 781 F. Supp.2d at 131-32. The defendant made a similar argument in Dupree, where the government proceeded under both civil and criminal forfeiture statutes:

> Here, funds were seized pursuant to both civil and criminal forfeiture statutes. 18 U.S.C. § 981(b), the civil forfeiture statute authorizing the seizure of property subject to forfeiture, requires a showing of probable cause, but does not require a showing that less restrictive means may not be sufficient to secure the funds. As the parties acknowledge, the criminal forfeiture statutes utilized by the government, 18 U.S.C. § 982, 21 U.S.C. § 853(f), and 28 U.S.C. § 2461(c), require the court to determine that a restraining order, an injunction, or a temporary restraining order as provided by 21 U.S.C. § 853, may not be sufficient to assure the property for forfeiture.
> The determinations by Magistrate Judges Reyes and Go that the affidavits established probable cause to believe that the funds were subject to seizure and that a sufficient showing had

been made to issue each of the seizure warrants presumptively
included their determination that an order under § 853(e) may not
be sufficient. *There is no requirement under § 853(f) in particular,
or in any seizure warrant in general, and the court has located no
case to the contrary, that the Judicial Officer issuing the seizure
warrants is required explicitly to state that a restraint under §
853(e) may not have sufficiently assured the availability of funds.*

Id. (denying defendant's request for hearing regarding whether the least restrictive means of

securing the funds was used) (emphasis added). See also United States v. Martin, 460 F.

Supp.2d 669, 677 (D. Md. 2006) ("Given the fungible and readily transferable nature of the

property (mostly cash) and the size and seriousness of this alleged conspiracy . . . this Court

cannot conclude that there was no probable cause to believe that a seizure warrant was necessary

to secure the property for trial.").

Wiese also argues that the money in the Merrill Lynch accounts constitutes "substitute

assets" not related to the criminal offenses. The government is not authorized to seize substitute

or "untainted" property prior to an order of forfeiture. United States v. Parrett, 530 F.3d 422,

429-30 (6th Cir. 2008). The government argues that they are not substitute assets, but were

involved in the money laundering allegations and, therefore, they could be seized on a theory of

commingling, "i.e. some funds in the account were 'clean money' and some were 'dirty money'

which supports that all of the funds were subject to seizure." Govt. Br. at 9. The government's

theory is supported by Special Agent Patrick Killeen's affidavit in support of the seizure

warrants, which provides sufficient probable cause for the seizure of assets. Whether the assets

are, in fact, substitute assets is a matter to be determined at trial. See generally United States v.

Ford, 2003 WL 21212547 at *4-5 (6th Cir. May 22, 2003).

Wiese also argues that the amount of property that has been seized to date is more than

the loss allegedly suffered by the lenders in the criminal case.  The government contends that the amount of the fraud is $7,557,100 and the actual loss is approximately $3,948,384 (the banks were able to recoup some funds by selling the foreclosed homes).  The government has seized about $2,356,000 in cash, including the Merrill Lynch accounts.  The government has also placed liens on several properties owned by Wiese.  Wiese contends that when the value of those properties is added to the amount of cash seized, the total is about $4,900,000, which is in excess of the loss suffered.

The government responds that the value of the properties cannot properly be determined at this time and, further, the amount subject to forfeiture is not limited under the law to the amount of loss.  Indeed, a defendant is not entitled to an offset against a restitution order to reflect the amount forfeited, or vice versa.  See United States v. Venturella, 585 F.3d 1013, 1019-20 (7th Cir. 2009).  Accordingly, Wiese's argument that the seized assets exceed the potential restitution in the criminal proceeding is inapposite.

Finally, the amount of cash seized is not in excess of or disproportionate to the loss suffered, and thus does not run afoul of the Excessive Fines Clause of the Eighth Amendment. Cf. United States v. Bajakajian, 524 U.S. 321, 337-338 (1998) (forfeiture of $357,144 for failure to report the transportation of more than $10,000 outside of the U.S. is "grossly disproportional to the gravity of the defendant's offense" and unconstitutional).

## **ORDER**

For these reasons, IT IS HEREBY ORDERED that Wiese's motion for the return of seized assets is DENIED.


                                        s/John Corbett O'Meara
                                        United States District Judge


Date: January 9, 2012




I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 9, 2012, using the ECF system.


                                        s/William Barkholz
                                        Case Manager

-7-